Lockport Stone Company, Inc. v. Commissioner.
Lockport Stone Co. v. Commissioner
Docket No. 109836.
United States Tax Court
1943 Tax Ct. Memo LEXIS 249; 2 T.C.M. (CCH) 290; T.C.M. (RIA) 43290; June 17, 1943
*249 1. Deduction for officer's salary denied where the alleged compensation was neither paid nor accrued as a liability by petitioner in the tax year. 2. Liability of an accrual-basis taxpayer upon a note delivered in partial settlement of a judgment rendered against it in a damage suit held deductible in the year the liability becomes fixed rather than in the subsequent year when the note becomes due. Raymond A. O'Connor, C.P.A., for the petitioner. Henry J. Merry, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: A deficiency has been determined in income tax for the year 1939 in the amount of $69.99 and an excess profits tax deficiency for the same period was found in the sum of $35.74. This proceeding has been instituted to test the correctness of that determination. Two issues are raised. One has to do with the deduction of an officer's salary and the other the time of accruing a judgment rendered against petitioner as the outgrowth of a damage suit. [The Facts] Petitioner is a New York corporation located at Lockport, New York. Its books are kept on the accrual basis. It has been engaged in the stone crushing business since 1928. During the taxable *250 year one-half of the stock of petitioner was owned by George R. Broderick and the other one-half of the stock was controlled by George C. Bewley although the latter did not own all of the one-half interest that he controlled. During the first seven years of petitioner's operation Bewley appears to have managed the enterprise and during the succeeding five years, including the taxable year 1939, Broderick was the president of petitioner and manager of the company's plant. During the early history of this enterprise a verbal agreement was entered into between Broderick and Bewley to the effect that they would each receive the same compensation from petitioner regardless of the particular services either might render. This agreement was entered into as a means of splitting the profits between these two interested parties. During the taxable year Broderick operated the corporation and Bewley's services, if they may be so regarded, consisted largely of trips to the plant to see what was going on and to watch his investment. He made a trip to Albany on behalf of petitioner in connection with certain royalty payments due the State of New York, but his expenses for this trip were reimbursed *251 to him by the corporation. Petitioner did not accrue on its books any liability to pay a salary to Bewley for the year 1939 and has not in fact paid him a salary for that year. [Opinion] Petitioner's original income tax return for 1939 contained no claim that petitioner was entitled to a deduction for a salary to Bewley. An amended return was filed in 1941 in which such a deduction was claimed for the first time, in the amount of $2,080.00. This amended return was filed after Broderick ceased to be the manager and president of petitioner and at a time when Bewley had assumed the office of president of the company. In our opinion, the claimed deduction is entirely without merit. The evidence does not establish a liability on the part of petitioner to pay Bewley a salary during the taxable year and even if such a salary had been authorized, its reasonableness was not established. On this issue judgment will go for the respondent. The remaining issue has to do with a claimed deduction of $750. It appears that in 1937 a judgment was rendered against petitioner in the amount of $3,000. This judgment was entered in a damage suit brought in connection with an automobile accident *252 in which one of petitioner's agents was found at be at fault. Petitioner settled this judgment in the year 1937 by giving several notes covering the amount of the judgment, one of which notes in the sum of $750 fell due in 1939. Petitioner contends that the occasion for the accrual of the $750 note was at the time the note became due rather than in 1937 when the liability became definitely fixed. There is no merit in this contention. For one on the accrual basis a deduction must be taken when the liability becomes definitely established, regardless of the date the liability is to be finally satisfied by payment. Decision will be entered for the respondent.